# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| ANDREA B., | ) |
|     Plaintiff, | ) ) ) |
|         v. | ) 2:18-cv-00470-JDL ) |
| SOCIAL SECURITY ADMINISTRATION COMMISSIONER, | ) ) ) |
|     Defendant. | ) ) |

## ORDER

Andrea B. challenges the final administrative decision of the Social Security Administration Commissioner which determined that Andrea B. was not disabled and affirmed the denial of her application for disability insurance benefits. Andrea B. seeks remand on the basis that the determination of her residual functional capacity ("RFC") was flawed. I conclude that the Appeals Council's RFC determination was supported by substantial evidence. Accordingly, the administrative decision is affirmed.

## I. ADMINISTRATIVE FINDINGS

The Commissioner's final decision is the September 11, 2018, decision of the Appeals Council upholding the administrative law judge's ("ALJ") decision. *See* ECF No. 6-2 at 5-9. The ALJ's decision tracked the familiar five-step sequential evaluation process for analyzing social security disability claims. *See* 20 C.F.R. § 404.1520 (West 2019). The claimant carries the burden of production on the first four steps, and the

burden shifts to the Commissioner at Step 5. *Purdy v. Berryhill*, 887 F.3d 7, 9-10 (1st Cir. 2018). The five steps proceed as follows:

> 1) if the applicant is engaged in substantial gainful work activity, the application is denied; 2) if the applicant does not have, or has not had within the relevant time period, a severe impairment or combination of impairments, the application is denied; 3) if the impairment meets the conditions for one of the "listed" impairments in the Social Security regulations, then the application is granted[.]

*Seavey v. Barnhart*, 276 F.3d 1, 5 (1st Cir. 2001). If the impairment does not meet a listed impairment at Step 3, the ALJ must, as an interim step, determine the claimant's "residual functional capacity," § 404.1520(a)(4), (e), which is the most a claimant can still do despite their limitations. § 416.945(a)(1). The RFC is used to assess Step 4 and Step 5:

> 4) [I]f the applicant's "residual functional capacity" is such that he or she can still perform past relevant work, then the application is denied; 5) if the applicant, given his or her residual functional capacity, education, work experience, and age, is unable to do any other work, the application is granted.

*Seavey*, 276 F.3d at 5. Put differently, the steps ask (1) was the claimant working during the period of disability, (2) did they have a severe impairment during that period, (3) did the impairment impose limitations that the Social Security Administration deems *per se* disabling, (4) if not, could the claimant still do their past jobs given their maximum capacity to engage in mental and physical work, and (5) if not, were there any jobs the claimant could perform?

At Step 1, the ALJ found that Andrea B. had not engaged in substantial gainful activity during the disability period. ECF No. 6-2 at 21. At Step 2, the ALJ found that Andrea B. had the following severe impairments: osteoarthritis, chronic fatigue,

2

obesity, obsessive compulsive disorder, depression, and post-traumatic stress disorder. *Id.* At Step 3, the ALJ found that Andrea B.'s impairments did not meet or medically equal the severity of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id.* at 22-24. The ALJ was therefore required to make a determination of Andrea B.'s RFC before Step 4, and he found that she had the RFC to perform light work with the following limitations:

> [S]he is capable of lifting and carrying 20 pounds occasionally and 10 pounds frequently. She must be able to stretch or change position, such as the freedom of a sit-stand option to be exercised at her sole discretion throughout the day. She is able to walk up to four hours with normal breaks. She can occasionally climb ramps and stairs, but can never climb ladders ropes or scaffolds. She can occasionally balance, stoop, kneel, crouch and crawl. She should avoid concentrated exposure to extreme cold. She should avoid all exposure to unprotected heights. Lastly, she is limited to a low stress work environment with only simple, routine, repetitive tasks and no interaction with the public.

*Id.* at 24-31. Based on that RFC, the ALJ found at Step 4 that Andrea B. was unable to perform any past relevant work. *Id.* at 31. At Step 5, however, he found that there were jobs that exist in significant numbers in the national economy that she could perform. *Id.* at 31-33. The ALJ therefore concluded that Andrea B. was not disabled during the alleged period of disability, and denied her disability insurance benefits. *Id.* at 33.

Andrea B. asked the Appeals Council to review the ALJ's decision. The Appeals Council agreed with the ALJ's conclusion that Andrea B. was not disabled during the alleged period of disability but found that the ALJ's evaluation of the opinion evidence of Dr. Harold Van Lonkhuyzen, a psychiatrist, was not supported by substantial evidence. In making his mental RFC determination, the ALJ gave

"significant" weight to the 2017 opinion of Dr. Van Lonkhuyzen. ECF No. 6-2 at 29. Dr. Van Lonkhuyzen's opinion included a finding that Andrea B. could not deal with changes in a routine work setting, which would support an ultimate finding of disability. *Id.* However, the ALJ's decision did not include that limitation in the RFC despite giving Dr. Van Lonkhuyzen's opinion significant weight. Thus, as the Commissioner acknowledges, the ALJ decision had an inherent conflict: "The ALJ gave significant weight to Dr. Van Lonkhuyzen's opinion, but did not incorporate or explain the reason for failing to incorporate the purported inability to deal with changes in a routine work setting." ECF No. 10 at 2. The Appeals Council resolved this conflict by affording "little" weight to Dr. Van Lonkhuyzen's 2017 opinion that Andrea B. could not deal with changes in a routine work setting. ECF No. 6-2 at 6.

## II. STANDARD OF REVIEW

The administrative decision must be affirmed if it is based on the correct legal standards and is supported by substantial evidence, even if the record contains evidence capable of supporting an alternative outcome. *Manso-Pizarro v. Sec'y of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996) (per curiam). Substantial evidence is evidence that a reasonable mind might accept as adequate to support a finding. *Biestek v. Berryhill*, 139 S.Ct. 1148, 1154 (2019); *Applebee v. Berryhill*, 744 Fed. Appx. 6 (1st Cir. 2018) (per curiam). "The ALJ's findings of fact are conclusive when supported by substantial evidence, but are not conclusive when derived by ignoring evidence, misapplying the law, or judging matters entrusted to experts." *Nguyen v. Chater*, 172 F.3d 31, 35 (1st Cir. 1999) (internal citation omitted).

4

# III. ANALYSIS

Andrea B. contends that the Appeals Council committed reversible error by revising the weight given to Dr. Van Lonkhuyzen's 2017 opinion. First, she argues that the Appeals Council ignored certain records of Dr. Mary Ashmore—Andrea B.'s primary care provider—in determining that Dr. Van Lonkhuyzen's opinion was inconsistent with Andrea B.'s treatment records. Second, she argues that the Appeals Council diminished Dr. Van Lonkhuyzen's opinion based on the incorrect finding that he was not a treating physician.[1]

## A. Dr. Ashmore's Records

To support her claim of disability, Andrea B. submitted two letters and a medical assessment form from her primary care physician, Dr. Ashmore. ECF No. 6-7 at 267, 272; ECF No. 6-8 at 200. The letters—dated January 6, 2016, and June 29, 2016—explain how Andrea B.'s impairments affected her recent employment and opine that she "would benefit greatly from Social Security Disability." ECF No. 6-7 at 267, 272. The form is dated March 13, 2017, and states that Dr. Ashmore "believe[s] that [Andrea B.] is not capable of any meaningful employment." ECF No. 6-8 at 200 (emphasis in original). The Appeals Council did not address these documents in reducing the weight it afforded to Dr. Van Lonkhuyzen's opinion. Andrea B. argues that, as a result, the Appeals Council's decision is not supported by substantial evidence.

---

[1] Andrea B. notes that the Appeals Council's decision states that she did not submit a statement of additional evidence despite her timely submission of such a statement. *See* ECF No. 6-2 at 5; ECF No. 8 at 1-2. However, because Andrea B. does not claim that the Appeals Council's failure to consider her statement is grounds for remand, I do not address the issue.

However, while the Appeals Council did not mention the two letters or the medical assessment form in its decision, it expressly adopted the ALJ's findings and conclusion as to all matters other than the weight of Dr. Van Lonkhuyzen's opinion. ECF No. 6-2 at 7. This includes the ALJ's findings as to Dr. Ashmore's letters and the form she submitted. The ALJ considered those records and found that they were "generally inconsistent with [Dr. Ashmore's] own longitudinal treating notes and the medical evidence of record as a whole," and that they "infringe[d] on issues reserved to the Commissioner." ECF No. 6-2 at 28-29. For these reasons, the ALJ gave Dr. Ashmore's opinions "limited weight." *Id.* at 29. Because the ALJ considered the letters and form, and offered a reasoned explanation for her assessment of the weight of Dr. Ashmore's opinions, this assessment was supported by substantial evidence. *See* 20 C.F.R. §§ 404.1527(c)(4), 416.927(c)(4) ("[T]he more consistent a medical opinion is with the record as a whole, the more weight we will give to that medical opinion."); § 404.1527(d) ("administrative findings that are dispositive of a case; *i.e.*, that would direct the determination or decision of disability" are not medical opinions and are reserved to the Commissioner). Accordingly, because the Appeals Council adopted the ALJ's valid conclusion that Dr. Ashmore's opinions were entitled to limited weight, further discussion of the letters and form was not necessary to assess the weight of Dr. Van Lonkhuyzen's opinion. Thus, the Appeals Council did not err by not addressing Dr. Ashmore's records.

**B.     Dr. Van Lonkhuyzen as Treating Physician**

Andrea B. also argues that the Appeals Council erred by determining that Andrea B. did not have a "meaningful treating relationship" with Dr. Van

Lonkhuyzen, which in part supported its decision to give limited weight to his 2017 opinion. ECF No. 6-2 at 6. Pursuant to 20 C.F.R. § 404.1527, a "treating source":

> . . . means your own acceptable medical source who provides you, or has provided you, with medical treatment or evaluation and who has, or has had, an ongoing treatment relationship with you. Generally, we will consider that you have an ongoing treatment relationship with an acceptable medical source when the medical evidence establishes that you see, or have seen, the source with a frequency consistent with accepted medical practice for the type of treatment and/or evaluation required for your medical condition(s). We may consider an acceptable medical source who has treated or evaluated you only a few times or only after long intervals (e.g., twice a year) to be your treating source if the nature and frequency of the treatment or evaluation is typical for your condition(s). We will not consider an acceptable medical source to be your treating source if your relationship with the source is not based on your medical need for treatment or evaluation, but solely on your need to obtain a report in support of your claim for disability. In such a case, we will consider the acceptable medical source to be a nontreating source.

§ 404.1527(a)(2).

The Appeals Council did not err by concluding that Dr. Van Lonkhuyzen was not a treating source. Andrea B. saw Dr. Van Lonkhuyzen on only three occasions: (1) August 15, 2006, (2) March 16, 2015, on referral from Dr. Ashmore, and (3) April 5, 2016, again on referral from Dr. Ashmore. Only the second visit was during the period of alleged disability—January 16, 2014 to September 30, 2015. *See* 20 C.F.R. § 404.1527(c)(2)(i) ("Generally, the longer a treating source has treated you and the more times you have been seen by a treating source, the more weight we will give to the source's medical opinion."). At the end of his March 16, 2015, consultation report, Dr. Van Lonkhuyzen stated that "[n]o further followup is planned with me at this time but I would be happy to see Ms. [B.] again in the future if I could be of further help," ECF No. 6-7 at 60, which is not indicative of an ongoing relationship.

7

Furthermore, the April 5, 2016, consultation was at Dr. Ashmore's urging because Andrea B. had applied for disability benefits, *id.* at 268, which indicates that the purpose of that consultation was "not based on [her] medical need for treatment or evaluation, but solely on [her] need to obtain a report in support of [her] claim for disability." 20 C.F.R. § 404.1527(a)(2). This further supports the Appeals Council's conclusion that Dr. Van Lonkhuyzen was not a treating source.

Even if Dr. Van Lonkhuyzen is considered a "treating source," there was still good reason for the Appeals Council to discount his 2017 opinion. His opinion, characterized by the Appeals Council as a "check-mark questionnaire," ECF No. 6-2 at 6, lacked any reasoned explanation for assessing a limitation that Andrea B. could not deal with changes in a routine work setting: outside of three check-marks, the form states only that "[a]nxiety under poor control" and that the limitations applied from at least March 16, 2015. *See* ECF No. 6-8 at 199. "The ALJ need not accept an opinion of a physician–even a treating physician–if it is conclusory and brief and is unsupported by clinical findings." *Purdy v. Berryhill*, 887 F.3d 7, 13 (1st Cir. 2018) (quoting *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992)). The form was also completed by Dr. Van Lonkhuyzen almost a year after he had last seen Andrea. B. ECF No. 6-2 at 6. Thus, the Appeals Council did not err by revising the weight given to Dr. Van Lonkhuyzen's assessment stating that Andrea B. could not deal with changes in routine work settings.

## IV. CONCLUSION

For the foregoing reasons, it is **ORDERED** that the Commissioner's administrative decision is **AFFIRMED**.

8

**SO ORDERED.**

**Dated this 28th day of August, 2019.**

                                                **/s/ JON D. LEVY**
                                        **CHIEF U.S. DISTRICT JUDGE**